## NEWTON COUNTY BANK v. MONTGOMERY et al.　(No. 6821.)

(Court of Civil Appeals of Texas.　Galveston. April 8, 1915.)

BILLS AND NOTES ☞299—PRESENTMENT AND PROTEST—LIABILITY OF INDORSERS.

Under Rev. St. art. 579, providing that the holder of any negotiable promissory note may, in order to fix the liability of the makers or indorsers, bring suit before the first term of the district or county court at which suit can be brought, or before the second term of such court, after the accrual of the right of action, upon showing good cause why action was not brought before the first term, suit need not be brought at either the first or second term of court in order to fix the liability of indorsers on a note, which by its terms waives presentment for payment and protest.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 680–705; Dec. Dig. ☞ 299.]

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from Newton County Court; W. E. Gray, Judge.

Action by the Newton County Bank against E. F. Montgomery and others. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

Wightman & Hancock, of Newton, for appellant.

LANE, J. This action was brought by the Newton County Bank on the 26th day of March, 1913, against the Merchants' Produce Company, a corporation, as principal makers, and against E. F. Montgomery, R. D. Hines, and F. W. Hines, parties composing the firm of R. D. Hines & Bro., as indorsers, to recover upon a promissory note executed and delivered by the Merchants' Produce Company to said Montgomery. This note was dated February 17, 1911, was payable to the order of said E. F. Montgomery on the 17th day of August, 1911, has the usual stipulation for attorney's fees in the event default is made in payment after maturity, and contains a clause waiving presentment for payment, days of grace, protest, etc. Said note was indorsed on its back as follows:

"Pay to Burkeville Post.
　　　　　　　　"E. F. Montgomery.
"Pay to Newton County Bank.
　　　　　　　　"Burkeville Post.
"E. F. Montgomery.
"R. D. Hines & Bro., per R. D. Hines."

The defendant Montgomery answered that plaintiff had not brought suit on said note in time so as to bind him as an indorser thereof, and that no proper protest of said note was had after it became due. He also filed his plea in reconvention, wherein he alleges that the plaintiff bank was indebted to him in the sum of $431.07, and prayed for judgment over against said bank for the balance due him of $89.78.

The defendants R. D. and F. W. Hines, for themselves and for said firm of R. D. Hines & Bro., answered that, while their names appear on the back of said note as indorsers, they were not in fact such; that they were induced to put their names on said note, after they had sold it to plaintiff, by its cashier, J. S. Peters, who had them to sign said note for the purpose of showing where the same came from, and how it came into the bank's possession; and further that said Peters, as an inducement to have them sign the note as indorsers, told them that the bank held securities of E. F. Montgomery, the payee and prior indorser, and that he would use such securities to protect said Hines in their indorsement of said note, and that such statement induced them to indorse the same.

Plaintiff, in its supplemental plea, excepts to that portion of defendant Montgomery's answer that sets up his cross-bill as being too indefinite to require answer, and further pleads the two years' statute of limitation in bar of any recovery on said cross-bill.

The case was tried before the court without a jury, and the court rendered judgment that plaintiff do not recover of the defendants, and that defendant Montgomery do not recover on his cross-bill, and that both defendants recover the costs incurred by them, respectively, from the plaintiff.

Upon proper request the trial court filed a mixed finding of facts and conclusions of law as follows:

"Conclusions of Law and Fact.

"Article 579, Texas Civil Statutes, says in part that the holder of any bill of exchange or promissory note, assignable or negotiable by law, may secure and fix the liability of any drawer or indorser of such bill of exchange, and every indorser of such promissory note, without exchange, or against the maker of such promissory note, before the first term of the district or county court to which suit can be brought, after the action shall accrue, or by instituting suit before the second term of said court, after the right of action shall accrue, and showing good cause why such suit was not instituted before the first term next after the right of action accrued.

"In this case (No. 98 on the county court docket) the note sued on was given by the Merchants' Produce Company, of Beaumont, Tex., on the 17th day of February, or Burkeville, Tex., six months after date of instrument. Said note was signed by the Merchants' Produce Company, and was made payable to E. F. Montgomery or bearer, and had a clause in small script near the bottom waiving by maker and all indorsers presentment for payment, protest, days of grace, etc. Time of extension was also waived. Note shows the following indorsements on back: 'Pay to Burkeville Post. E. F. Montgomery.' 'Pay to Newton County Bank. Burkeville Post.' 'E. F. Montgomery.' 'R. D. Hines & Bro., per R. D. Hines.' Note also shows to be indorsed by the Newton County Bank.

"Plaintiff sets up in their petition that the Merchants' Produce Company is actually and notoriously insolvent, and states for cause of action that the above-mentioned company, through their treasurer, D. R. Barry, executed the above-mentioned note, and that said note was delivered to E. F. Montgomery, the defendant. Note was dated on the 17th day of February, 1911, calling for the sum of $341.29, due in six months.

"Suit was brought on the note at the April term of the county court of Newton county, 1913, over one year after maturity. Several terms of the county court had passed in the meantime. Plaintiff sets up in their petition that the Merchants' Produce Company are insolvent, and introduces evidence to that fact, but nowhere in their pleadings do they set up and plead that the Merchants' Produce Company were insolvent at the maturity of the above-mentioned note, nor do they introduce any proof to show that the Merchants' Produce Company was insolvent at the time that the note matured, nor do they attempt to show any diligence at that time in attempting to collect the note from the makers of the above-mentioned note.

"Plaintiff pleads that said note was regularly protested for nonpayment after the same fell due, and that said note was protested in the time required by law for protest.

"The defendant sets up a general denial of the plaintiff's petition, and demurs generally to all the pleadings of the plaintiff, and says that nowhere does the plaintiff show that they ever exhausted their remedy against the principal of the note. The defendant shows that more than 12 months had elapsed after the note sued on was due before suit was brought. Defendant

sets up that E. F. Montgomery, one of the principals of the note, had paid the note to J. S. Peters, cashier of the Newton County Bank, by placing in trust to Peters several pieces of land situated in Newton county, Tex.

"The court is of the opinion that the plaintiff the Newton County Bank did not bring suit as is required by the statutes; that they waited until several terms of the county court had passed before the filing of the suit on the above-mentioned note.

"The court is of the opinion that the plaintiffs did not show due diligence in trying to collect the note from the maker, the Merchants' Produce Company, at the time of the maturity of the note.

"(A) Court is of the opinion that the plaintiff did not show good cause why suit was not brought on said note as is required by law.

"(3) The court is of the opinion that the plaintiff should have pleaded and proven the Merchants' Produce Company was insolvent at the time of the maturity of the note.

"(4) There is no proof before the court that the Merchants' Produce Company was notoriously insolvent at the time of the maturity of the note.

"(5) The evidence before the court shows that the plaintiff's attorney made some inquiries here in the town of Newton, and also wrote to some parties in Beaumont, as to the Merchants' Produce Company's insolvency, and that they were told here in Newton that the produce company was 'busted,' and that what they learned from their Beaumont inquiries were that the company was not in business any more at that place.

"(6) There is no proof that any legal inquiry was made in Jefferson county as to what was done with the assets of the Merchants' Produce Company.

"(7) There is no proof before the court that any legal effort was made at the time of the maturity of the note, or at any time was there any effort made to find out the true condition of solvency of the Merchants' Produce Company.

"(8) While plaintiff pleaded that note was protested as is required by law, the note shows that it was protested on August the 19th, allowing only two days of grace.

"(9) Nowhere does the note show any extension was made on the face, as is required by law. We are of the opinion that the holder of the note should have shown the extension on the face of the note to protect the holder according to the statutes against the indorsers of said note.

"(10) It is the opinion of the court that the plaintiff should take nothing by his suit, and that the plaintiff should pay all cost that has accrued in the cause.

"(11) It is the opinion that the defendant should take nothing by his cross-action."

The conclusions of law and fact copied above do not conform to the provision of article 1989, Revised Statutes 1911, to the effect that, upon a trial by the court, the judge shall, at the request of either party, state, in writing, the conclusions of fact found by him separately from the conclusions of law. But, as there is no bill of exception to the action of the court in this particular found in the record, we will consider the same. And as, there is no statement of facts in the record, we are called upon to gather from such conclusions of law and fact, as best we can, what were the real facts presented to the trial court upon which he based the judgment entered. If we understand the findings of the trial judge, they are to the following effect: The note sued upon was executed and delivered by the Merchants' Produce Company to E. F. Montgomery, as alleged by plaintiff; that said note contained a clause which recites that the makers and indorsers waive the presentment of the note for payment and protest and days of grace, etc.; that said note was protested on the second day after it became due, not considering three days of grace; that said note was indorsed on its back by E. F. Montgomery, the payee, and by appellee Hines, and that said note was the property of the appellant at the time of the trial; that the appellant did not bring suit on said note so as to bind the indorsers; that said appellant did not use due diligence to collect from the maker of the note at its maturity; that appellant did not show good cause why suit was not brought on said note at the first term of court after it became due; that there was no proof that the maker of said note was insolvent at the time the same became due. The court makes no finding with reference to the cross-bill filed by appellee Montgomery. Upon these findings the trial court concludes that appellant, plaintiff in the court below, was not entitled to recover on said note, and that all costs of suit should be adjudged against him, and that appellee Montgomery should take nothing by his cross-bill.

The trial court, in finding against appellant, ignores the waiver which he found to be a part of the note sued upon, and based his conclusions on the fact that suit was not brought on said note at the first term of the court having jurisdiction of the matter, after it became due, nor at the second term of said court, and that no suit was brought thereon until about one year thereafter.

In view of the fact, as found by the trial court, that by the terms of the note presentment for payment, protest, etc., were waived by the maker and indorsers, it was not necessary that suit should be brought at either the first or second terms of the court to fix the liability of the indorsers. We therefore think that judgment should have been rendered for appellant upon said note, except in so far as the amount due thereon may be offset by the cross-bill pleaded by appellee Montgomery, if the same or any portion thereof be established by proper proof. In the case of Leeds v. Hamilton Paint & Glass Co., 35 S. W. 77, the Court of Civil Appeals for the Fourth District, speaking through Judge Fly, says:

"The following clause is found in the note sued on: 'The drawers and indorsers severally waive presentment for payment, protest, and notice of protest and nonpayment of this note.' When presentment of a bill or note at maturity and notice of protest have been waived by the party entitled to them, under the law, the holder is excused from performing these acts. When the waiver is embodied in the instrument itself, the waiver then enters into the contract of every party who signs, whether as drawer,

maker, acceptor, or indorser. 2 Daniel, Neg. Inst. par. 1092. Appellants having expressly waived presentment for payment, protest, and notice, it would be an idle consumption of time to inquire into questions raised as to the validity of notice to appellants, or the competency of testimony as to a presentment for payment and protest. The waiver of presentment for payment, protest, and notice of protest fixed the liability of the appellants who indorsed the note just as the protest would have done had it been required and made. The position that it seems is taken by appellants, that both protest and suit are required to fix the liability of an indorser, is not correct. The statute permits the liability to be fixed by protest or suit. Sayles' Civ. St. art. 262. It was not error to exclude evidence of a verbal promise made by H. Hamilton, to whom the note was indorsed by appellants, that he would sue on the note if it was not paid at maturity. The note had been indorsed to the Hamilton Paint & Glass Company by Hamilton before its maturity, and no notice of any agreement made by him to appellants was brought home to it, and it could not be bound by his declaration or promises. If appellants desired suit brought on the note at maturity, they should have paid the amount of it to the holders, and instituted the suit. They cannot claim exemption from liability, as a surety might, because prompt action was not taken, when their liability has been fixed by protest or waiver. 1 Brandt, Sur. § 2."

From what has been said, it is evident that the trial court erred in the judgment rendered, and that appellant was entitled to recover upon its note, unless the amount due thereon should be offset by proof of the cross-bill of appellee Montgomery. Therefore the judgment of the lower court is here reversed, and the cause remanded.

Reversed and remanded.